FILED

12/31/2025

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 12, 2025

## STATE OF TENNESSEE v. WILLIAM ROGER CAMPBELL

**Appeal from the Circuit Court for Montgomery County**
**No. 63CC1-2021-CR-761     Robert Bateman, Judge**

_____

**No. M2024-01920-CCA-R3-CD**

_____

Defendant, William Roger Campbell, was convicted of two counts of first degree murder, and the trial court sentenced him to consecutive life sentences. In his direct appeal, this court affirmed the convictions but reversed the imposition of consecutive sentences and remanded the case to the trial court for a new sentencing hearing, during which the trial court was to address the consecutive sentencing factors outlined in *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995). *State v. Campbell*, No. M2023-00779-CCA-R3-CD, 2024 WL 3888342, at *1 (Tenn. Crim. App. Aug. 21, 2024). Following a hearing in which no new proof was presented, the court again aligned the sentences consecutively. Defendant now asserts that the trial court erred in doing so. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Kendall Stivers Jones, Assistant Public Defender—Appellate Division, Tennessee Public Defenders Conference (on appeal); Roger Nell, District Public Defender; and Joseph Price, Assistant District Public Defender (at trial), for the appellant, William Roger Campbell.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General; Robert J. Nash, District Attorney General; and Marianne L. Bell and Crystal Morgan, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

A Montgomery County jury convicted Defendant of the premeditated first degree murder of his adoptive parents, eighty-two-year-old William "Bill" Campbell and eighty-one-year-old Ina Lucille Campbell, both of whom were shot in the head while sleeping. *Id.* Following a sentencing hearing, "the trial court found [D]efendant to be a dangerous offender whose behavior indicated little or no regard for human life and no hesitation about committing a crime when the risk to human life is high." *Id.* at *13. The trial court stated that "[t]he facts of this case would show that each victim was shot in the head, shot in a separate bedroom[,]" indicating that "it wasn't one event." *Id.* The court found that Defendant's "actions are [those] of a dangerous offender, whose behavior indicates little or no regard for human life and no hesitation about a crime for which the risk to life is high" *Id.* The court also found that Defendant's sentence "is reasonably related to the severity of the offense" and "that consecutive sentences are necessary to protect the public." *Id.*

In his direct appeal, Defendant claimed that the trial court erred in admitting his father's cell phone records, that the evidence was insufficient to sustain his convictions, and that the court erred in aligning his life sentences consecutively. *Id.* at *8. This court affirmed Defendant's convictions but vacated the imposition of consecutive sentences, stating:

> Although the trial court stated that consecutive sentences were necessary to protect the public and reasonably related to the severity of the offenses, the trial court failed to state the specific facts on which it relied to satisfy this conclusion. It is incumbent on the trial court to state facts that support each factor, and, in this case, it is particularly unclear what facts the court relied on in finding that an extended sentence was necessary to protect the public against further criminal conduct by the defendant. The mere recitation of the *Wilkerson* factors is not a substitute for the requirement of making specific findings.

*Id.* at *13 (internal quotation marks and citations omitted). This court remanded the case to the trial court for a new sentencing hearing "limited to consideration of the *Wilkerson* factors to determine the propriety of consecutive sentencing in this case." *Id.* at *14.

### *Sentencing on Remand*

On November 26, 2024, the trial court conducted a sentencing hearing. After the parties announced that no new proof would be presented, the trial court made the following findings:

> First of all, both victims in this matter were elderly. They were the parents of [Defendant].
>
> The proof showed that both victims were in bed, actually, with oxygen machines operating when they were found dead in their bed. The oxygen machines were still operating. Ms. Campbell had been shot at close range to the back of her head. Mr. Campbell had also been shot in the back of the head, and at some point, either before or after Mr. and Ms. Campbell were executed by [D]efendant, [D]efendant ransacked the house, his parent's house, where he was staying to make it appear that this was a robbery or a burglary gone wrong.
>
> Based upon the proof, it would have to be that [Defendant] spent quite a bit of time planning this execution of his parents. The court earlier found that both his parents were in separate bedrooms, which means that [Defendant] had to go into one bedroom and shoot his mother or father first, and then he had to reflect upon that and go into the other bedroom and shoot his mother or father after he had shot his first parent. He [] also planned out the circumstances to where he would make this appear as though he was not the one who executed his parents, but that it was the result of a robbery or burglary gone wrong. So[,] the court finds, based upon those factors, [] that it is necessary to protect the public against any further criminal conduct by [D]efendant.
>
> [D]efendant planned two executions, had no problem killing one victim and then walking into the bedroom of the second victim while they were both asleep, and the court finds that, that is sufficient to find that it is necessary to protect the public from further criminal conduct by [D]efendant. The court also finds that consecutive sentences would be reasonably related to the severity of this offense, because [] of the planning that occurred to make this look like it was a robbery, or to deceive law enforcement to make it appear as though [Defendant] was not the perpetrator but that it was somebody else who killed his parents. The court makes those findings.

The court asks the court reporter to transcribe those to be made part of the record, and the court will enter an order, and based upon that, the court, again, finds that there is sufficient reasons to support consecutive sentencing. The court specifically finds that the circumstances surrounding the commission of this offense are aggravated for the reasons the court has placed on the record, and the confinement for the extended period is necessary to protect society from further criminal conduct by this defendant, and that considering the fact that both victims were asleep in their bed on their oxygen machines and were shot in the head, that the length of this sentence reasonably relates to the severity of the offense.

The trial court entered an Order Regarding Resentencing incorporating by reference the findings of fact and conclusions of law quoted above and aligning the two life sentences consecutively. Defendant timely appealed.

**Analysis**

Defendant claims that the trial court erred by imposing consecutive life sentences by again failing to make adequate *Wilkerson* findings. The State claims the trial court made adequate *Wilkerson* findings and did not abuse its discretion in aligning the sentences consecutively.

A trial court may run sentences for multiple convictions consecutively if the court finds by a preponderance of the evidence that the proof establishes at least one of the seven listed sentencing factors under Tennessee Code Annotated section 40-35-115(b) applies. *State v. Perry*, 656 S.W.3d 116, 125 (Tenn. 2022). Here, the trial court based its decision to align Defendant's life sentences consecutively based solely on the fourth factor, finding that "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high[.]" Tenn. Code Ann. § 40-35-115(b)(4). In *Wilkerson*, the supreme court explained that "[p]roof that an offender's behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high, is proof that the offender is a dangerous offender, but it may not be sufficient to sustain consecutive sentences[.]" *Wilkerson*, 905 S.W.2d at 938. Before a trial court may impose consecutive sentences on the basis that a defendant is a dangerous offender, the court must make specific findings based on the "particular facts" of the case that show the sentences "are reasonably related to the severity of the offenses" and "are necessary in order to protect the public from further criminal acts" by the defendant. *Id.*; *see State v. Watkins*, 648 S.W.3d 235, 276 (Tenn. Crim. App. 2021).

Following remand, the trial court conducted a sentencing hearing in which the court placed its findings and reasons for its sentencing decision on the record. Concerning the severity of the two murders, the trial court found that the elderly victims were discovered dead in their beds in separate bedrooms with their oxygen machines still operating. Both victims had been shot at close range in the back of the head. The court found that Defendant killed one victim and then went into another bedroom and killed the second victim. Based on these findings, the court found that consecutive life sentences were reasonably related to the severity of the offenses.

Concerning the need to protect the public from further criminal acts by Defendant, the trial court found that Defendant "spent quite a bit of time planning this execution of his parents." The court found that Defendant ransacked his parents' home in an attempt to make it appear the murders were the result of "a robbery or burglary gone wrong." The court found that Defendant attempted to mislead law enforcement to make it appear that someone else murdered his parents. The court found that Defendant's planning and deceptive acts showed that the length of the consecutive sentences was necessary to protect society from further criminal conduct by Defendant.

Because the trial court articulated its findings supporting its decision to align sentences consecutively on the record, this court reviews the imposition of consecutive sentences under an abuse of discretion standard with a presumption of reasonableness. *State v. Pollard*, 432 S.W.3d 851, 859-60 (Tenn. 2013). We hold that the trial court did not abuse its discretion in finding Defendant was a dangerous offender and that the court ordered consecutive sentences in accordance with the purposes and principles of sentencing. *Perry*, 656 S.W.3d at 124.

## Conclusion

In light of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

s/ *Robert L. Holloway, Jr.*
ROBERT L. HOLLOWAY, JR., JUDGE